Barbour, Ch. J. (concurring).
This is an appeal from an order of the Special Term, founded upon affidavits and notice of motion setting aside and vacating an ex-parte Chamber order, which appointed a referee to take the affidavit or deposition of Frederick FT. Hurd the defendant, under the 401st section of the Code.
As the Chamber order in question does not recite the papers on which it was founded, as required by the rule of this court; such order would, probably, have been set aside as irregular, if that defect had been pointed out in the motion papers, but it was not. The Chamber order, however, appears to have been founded upon “affidavit,” and there are two affidavits bearing as early a date as the order, and which may be assumed to be the “affidavit” mentioned on the order. One of them is made by a public notary, who states that on a certain day he presented an affidavit to the defendant, and requested him to verify it, and on his refusing to do so, *49 offered to correct the same if incorrect, and that the defendant refused to verify it or to have it corrected.
The other affidavit, which is that of the attorney in the action, states the legal opinion, that it is necessary for the plaintiffs to use the defendant’s affidavit upon a motion, and that the affiant believes the facts set out in the proposed affidavit are within the knowledge of the witness. But he states no facts tending to prove that his belief in regard to that matter, or his legal opinion, was well founded, nor did either affidavit disclose the nature of the action or defence or the subject-matter, even of the proposed affidavit. Certainly, then, the papers upon which the order at Chambers was made were insufficient to warrant its omission, and for that reason the court might properly have set it aside.
But the learned judge who presided at Special Term, vacated the order upon the ground, that although the 7th subdivision of section 401, authorizes a party to an action to obtain in this manner the affidavit or deposition of “any person,” that authority does not extend to the examination of a party opponent, inasmuch as the 389th section declares that no examination of a party to an action shall be had on behalf of the adverse party except in the manner prescribed in the sixth chapter, i. e., as a witness in the cause.
As the 7th subdivision of section 401, was inserted in the Code as an amendment long subsequent to the enactment of section 389, it may well be that the former section ought to be considered as a modification, pro tanto, of the latter, to such an extent, at least, as will permit a party to require his adversary to make an affidavit of such facts, proven" to be within his knowledge, as may appear to be necessary for the purposes of a motion, provided the facts thus sought to be discovered are of such a nature that they cannot be established upon the examination of the party as a witness under the provisions of the sixth chapter.
*50 It is not necessary to consider that question here, however, as the affidavits upon which the original order was based are wholly insufficient even upon that theory.
The order appealed from should be affirmed, with costs.